## Case No. 13,727.

### In re TALBOT.

[2 N. B. R. 280 (Quarto, 93); 2 Am. Law T. Rep. Bankr. 15; 1 Chi. Leg. News, 107.] [1]

District Court, S. D. Georgia. Dec. 4, 1868.

BANKRUPTCY—MARSHAL'S BILL OF COSTS.

1. On a bill of costs of U. S. marshal as messenger. Held, that travel by a U. S. marshal as messenger to make return on warrant of bankruptcy is necessary, and mileage of five cents per mile therefor is a proper charge.

[Cited in Re Donahoe, Case No. 3,979.]

2. A charge of ten cents per folio for preparing notices to creditors is an improper charge.

3. An item for attendance is an improper charge.

By FRANK S. HESSELTINE, Register:

In pursuance of the order of this honorable court, referring to me, as register in bankruptcy, the "messenger's bill of costs," in the above stated matter, to look into and report upon the correctness thereof, I have carefully examined the said bill and so much of the bankrupt act [of 1867 (14 Stat. 517)], as has reference thereto, and do humbly submit the following report.

The "bill of costs" taxed by the messenger is as follows:

¹ [Reprinted from 2 N. B. R. 280 (Quarto, 93), by permission. 1 Chi. Leg. News, 107, contains only a partial report.]

| | | |
|---|---|---|
| 1. For service of warrant............ | $ 2 | 00 |
| 2. For necessary travel, five hundred and ninety-two miles at five cents per mile ..................... | 29 | 60 |
| 3. For notices to creditors, twenty-seven, at ten cents each........ | 2 | 70 |
| 4. For actual and necessary expenses in publication of notices, advertising, four dollars, preparing same, ninety cents, postage, envelopes, eight cents ..................... | 4 | 98 |
| 5. For preparing twenty-seven notices, one hundred and eighteen folios, at ten cents ................... | 11 | 80 |
| 6. For stamps and envelopes, twenty-seven notices at four cents each.. | 1 | 08 |
| 7. For furnishing two copies of advertisements, at five cents each.... | | 10 |
| 8. For making affidavits to warrants.. | | 50 |
| 9. For drafts and copy costs, one folio at ten cents ................... | | 10 |
| 10. For attendance ................. | 1 | 50 |
| | $54 | 36 |

I find that the first, third, and fourth items are authorized by the forty-seventh section of the bankrupt act.

Item 2. This charge is for the travel of the messenger from Savannah to Albany and back again, made for the purpose of making his return of the warrant and his doings thereon, before the register presiding at the first meeting of creditors held at Albany, in pursuance of the notices published by the authority of the said warrant. The messenger claims that it is authorized by the words in the forty-seventh section: "For all necessary travel at the rate of five cents a mile each way." I. Is this necessary travel? II. If the travel is necessary is the charge for it correct?

First. Section 12 of the bankrupt act (general clause 87, Rice's Manual) provides, that at the meeting held in pursuance of the notice, one of the registers of the court shall preside, and the messenger shall make return of the warrant and of his doings thereon. The warrant addressed to the marshal closes with the words, "And have you then and there this warrant, with your doings thereon." From this it is plain that the travel to the place of the meeting for the purpose of returning the warrant is necessary. As the register who presided over this meeting lives at Savannah, and has his principal office there, and went from there to hold this court at Albany, the necessity for this travel perhaps might have been obviated by a change in the mandate for return, making the warrant returnable before the register at Savannah. This, however, was not done, and I decide that the travel was necessary.

Second. The travel being necessary, is the charge for mileage correct? By section 47 of the bankrupt act the messenger is allowed: "For all necessary travel at the rate of five cents a mile each way;" and this, were there nothing further upon this subject, would be conclusive, and I should decide the charge to be correct; but I find by the same section that the justices of the supreme court of the United States are authorized to pre-

scribe additional fees, or to reduce those fees prescribed in this section. Have they by virtue of this authority passed any rule or order affecting this fee of mileage? After a careful examination of this subject I can come to no other conclusion than that "Rule 12, General Orders in Bankruptcy," was passed to affect this fee. The rule provides, first, for the payment of the register's travelling and incidental expenses, and those of any clerk or other officer attending him in the performance of his duties, in any case or number of cases which may be referred to him; second, it provides that the marshal shall make return of his actual and necessary expenses in the service of every warrant addressed to him, and for custody of property, publication of notices, and other services, and other actual and necessary expenses paid by him. The act did not provide for the payment of the register's expenses in attending a court of bankruptcy; this rule does, and also provides for the expenses of a clerk or a messenger, who may attend him at the court. The act did provide mileage for the necessary travel of the messenger, in the service of a warrant. This rule changed or reduced it to "actual and necessary expenses in the service of every warrant addressed to him." The act provided for his actual and necessary expenses for custody of property, publication of notices, and other services. Rule 12 added to these the service of warrant, giving him instead of mileage his actual and necessary expenses therefor. If the expenses of the messenger, who attends with the register at the several places of holding courts in this district, and at those courts returns the several warrants returnable at each, are not provided for under the first class of rule 12, are they not under the words "actual and necessary expenses in the service of every warrant" in the second paragraph? I am not at liberty to conclude that the justices of the supreme court, by this rule, only intended to provide for the manner of the messenger's return of his expenses for services, as provided in paragraph 4, § 48, and that the addition of the words "service of warrant," not found in that paragraph, was an oversight. Nor am I at liberty to question their authority for substituting actual and necessary expenses for the service of a warrant, in place of mileage for necessary travel. If I were I might have trouble in harmonizing this rule and section forty-seven, which authorizes the justices to make this change, with section ten, which enacts that "they shall frame general orders, * * * for regulating the fees payable and the charges and costs to be allowed, except such as are established by this act or by law." I can come to no other conclusion than this, that the justices of the supreme court decided that the forty-seventh section of the act gave them the authority to make rule 12, General Orders and Forms, and that they intended by it that the mes-

senger's expenses in the service of every warrant should be in lieu of the mileage granted to him by the act. There were several warrants returned at this court and at other courts held in that vicinity about the same time. It is my construction of this rule, that where expenses are incurred in several cases, as in travelling to hold a court or to make return of a number of warrants, the register or messenger should equitably apportion the expenses among the several cases for which he incurred them.

Item 5. Preparing twenty-seven notices, one hundred and eighteen folios, at ten cents, eleven dollars and eighty cents, I find no authority for in the bankrupt act. I believe that it is claimed under the act of congress of February 26th, 1853 [10 Stat. 161], providing fees for marshals and other officers. I do not sustain this claim. The fee bill of 1853 provided certain fees for the services of a United States marshal. The services rendered in this court are by a messenger. The act establishing the office and duties of messenger has designated the fees appertaining to the office, and I do not think that the messenger can claim for services rendered under the bankrupt act fees which are not designated in the act. The clerk may, for the act so provides, vide section 47, Bankrupt Act, but no other officer of this court can legally do so. The following language, found in the same section of the act, is plain and decisive upon this point: "The assignee shall pay out of the estate to the messenger the following fees, and no more." The United States district court of Kentucky, in Re Dean [Case No. 3,699], has decided that this charge is not sanctioned by the "Fee Bill Act of 1853," and refused to allow it. I might add, that as the number of creditors increases, the number of notices and folios also increases, so that in some cases in this court the fee for printing these notices, by this system of geometrical progression, reaches above two hundred dollars. It cannot have been intended by the framers of this act that a bankrupt must pay for the notices sent to his creditors so large a fee as this. In the language of a member of congress who opposed this act prior to its amendment: "It would cost a man more to take the benefit of it than to pay his debts." It would defeat the end and aim of the law; the poor will be unable to get rid of the burden of debt. I am not able to understand for what service the allowance of ten cents for each written note to creditor is intended, if there is a charge for preparing notices and also one for stamps and envelopes for sending the notices. It is true that this allowance of ten cents for each written note to creditor is inadequate for the service of preparing these notices. And it was with a view, doubtless, to remedy this defect in the act that rule 11 of this court was passed. I know no reason why, whatever the messenger may pay out to the printer for print-

ing these notices, may not be justly allowed to him under the head of expenses for "other services," provided for in rule 12. I desire to call the attention of the court to the paragraph in the forty-seventh section of the act, that "for cause shown and upon hearing thereon such further allowance may be made as the court in its discretion may determine," so that this court is at liberty, whenever it shall decide that the messenger is not properly remunerated for his services, to allow him additional pay in any case.

Items 6, 7, 8, and 9, are for expenses incurred, and are correct.

Item 10. "For attendance, one dollar fifty cents," I find no authority for, and no reason is given for the charge other than that it is found in the bill of fees of the messenger in other districts. It is not approved.

ERSKINE, District Judge. The conclusion at which Mr. Register Hesseltine arrived in the matter of "the messenger's costs" in bankruptcy cases referred to him by the court, on motion of the counsel for the bankrupt, is approved.